IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                                OPINION AND ORDER

           Plaintiff,

                                 18-cv-1073-bbc

    v.

JIM SCHWOCHERT, LIZZIE TEGELS,
PATRICK SMETANA AND C.O. KNUDSON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Adam Christopher, a prisoner at the Jackson Correctional Institution, brought this First Amendment case to challenge denial of access to books he needs for correspondence college courses. Early in this case, I granted plaintiff's motion for a preliminary injunction in part, and ordered defendants to provide plaintiff access to the book, Hard Times, by Charles Dickens. Dkt. #34. I denied plaintiff's request for broader injunctive relief. I also concluded that defendants were entitled to qualified immunity on plaintiff's First Amendment damages claims, and I dismissed those claims. Id. On March 24, 2020, I granted defendants' motion for summary judgment as to the remainder of plaintiff's First Amendment claim for injunctive relief, concluding that defendants had shown that the policy requiring books to arrive from a recognized commercial source and with a receipt is reasonably related to a legitimate penological interest. Dkt. #69.

      Now before the court is plaintiff's motion to alter or amend the judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure. Dkt. #71. Under Rule 59(e), a district

1

court may alter or amend judgment if the movant "demonstrate[s] a manifest error of law or fact or present[s] newly discovered evidence." Vesely v. Armslist LLC, 762 F.3d 661, 666 (7th Cir. 2014) (quoting Boyd v. Tornier, Inc., 656 F.3d 487, 492 (7th Cir. 2011)). Rule 60(b) allows a party to seek relief from an order for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Plaintiff argues that there are two reasons why I should vacate my decision granting summary judgment to defendants. First, he argues that he did not have adequate notice that the court was considering granting summary judgment as to his broad First Amendment claim challenging defendants' "commercial source, receipt-required" rule that limits inmate access to books. Plaintiff makes a fair point. In their motion for summary judgment, defendants argued that plaintiff's claim was limited to his narrow challenge to the DAI policies that prohibited him from receiving Hard Times, after it arrived without a receipt. Defendants' proposed facts and legal arguments focused only on plaintiff's ability to obtain Hard Times. In the summary judgment decision, I explained that defendants had framed the case too narrowly, and that plaintiff was proceeding on a broader claim for injunctive relief challenging the DAI policies generally. However, I went on to conclude that plaintiff could not succeed on his broad claim because defendants' facts and legal precedent established that defendants' policy requiring books to arrive from a recognized commercial source and with a receipt is reasonably related to a legitimate penological interest. Under Rule 56(f), I should have warned plaintiff that I was considering granting judgment to

2

defendants on his broad claim for injunctive relief. Fed. R. Civ. P. 56(f) (district court may grant summary judgment on grounds not raised by a party or consider summary judgment on its own "after giving notice and a reasonable time to respond").

Second, plaintiff argues that if I had given him notice, he would have submitted additional evidence showing that he is not able to obtain all of the books he needs for his college courses and for his own leisure reading from commercial sources that provide receipts. With his motion for reconsideration, plaintiff has submitted evidence showing that the Adams State University bookstore does not always have books that he needs in stock, and that the bookstore does not always send receipts. Dkt. #73, Deborah Slayton Dec. Plaintiff has also submitted evidence showing that he has attempted to order another book, Empire State, from multiple vendors, and that he has requested receipts, but that each vendor has sent the book without a receipt. Dkt. #72, Plt.'s Dec.

Plaintiff's new evidence is relevant to the second Turner factor: whether the prison leaves open alternative means of exercising the restricted right. Turner v. Safley, 482 U.S. 78, 84 (1987). Plaintiff's evidence suggests that if defendants continue to enforce the "commercial source, receipt required" rule, he might not have any means to obtain some of the books that he needs.

In light of plaintiff's new evidence and arguments, I will grant plaintiff's motion and vacate the previous summary judgment decision and judgment in this case. Because the only claim left in this case is plaintiff's claim for injunctive relief, the claim will be resolved by the court. I will allow the parties a brief period of discovery and will set a schedule by which

defendants must file an amended summary judgment motion that applies the Turley standard to DAI's "commercial source, receipt required" policy. Defendants should address the following questions, with citations to evidence, in their motion:

- What penological concerns are addressed by DAI's policy requiring that books be ordered from a recognized commercial source?

- What penological concerns are addressed by DAI's policy requiring that books arrive with receipts?

- Does prison staff examine every book that arrives, regardless whether it arrives with a receipt or from a recognized commercial source?

- What qualifies as a "recognized commercial source"?

- What qualifies as a "receipt"?

- If there is no recognized commercial source that will send a book with a receipt, what alternatives does the inmate have for obtaining the book?

- Why does the prison reject receipts sent by email or through the mail that arrive separately from the book?

- What is the administrative burden on prison staff of returning or destroying books ordered by inmates that arrive without a receipt?

- What would be the administrative burden of permitting plaintiffs to provide email receipts or copies of receipts for books ordered from a commercial source?

As for plaintiff, he must submit non-hearsay evidence showing:

4

- What books he has ordered from commercial or noncommercial vendors that have arrived without a receipt.

- What efforts he has made to obtain receipts for books he has ordered.

- Whether Adams State University routinely sends receipts with its books.

- How Adams State University fulfils orders when books are out of stock, and whether the bookstores on which Adams relies send receipts with their books.

The parties must adhere to the following schedule in addressing these claims:

- Discovery cutoff: October 30, 2020

- Disposition motions deadline: November 13, 2020

If this case is not resolved based on the parties' summary judgment filings, I will set it for a court trial.

ORDER

IT IS ORDERED that

1. Plaintiff Adam Christopher's motion to alter or amend the judgment, dkt. #71, is GRANTED.

2. The decision on summary judgment, dkt. 69, and judgment, dkt. #70, are VACATED.

3. The new discovery cutoff date is October 30, 2020. The new dispositive motions deadline is November 13, 2020.

4. The parties must address the issues identified in this order when filing dispositive

motions.

      Entered this 28th day of July 2020.

                                  BY THE COURT:
                                  /s/

                                _____
                                BARBARA B. CRABB
                                District Judge