IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                                                              OPINION AND ORDER

                Plaintiff,

                                                              18-cv-1073-bbc

     v.

JIM SCHWOCHERT, LIZZIE TEGELS,
PATRICK SMETANA, C.O. KNUDSON
AND KEVIN CARR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Adam Christopher is proceeding on a First Amendment claim challenging Department of Corrections policies that require books ordered by prisoners to arrive from a recognized commercial source and with a receipt. Now before the court are motions to compel filed by both sides, dkt. #80 and dkt. #97, and plaintiff's motion to disqualify counsel, dkt. #91. I resolve the motions below, and I set a new dispositive motions deadline of February 12, 2021.

OPINION

A. Defendants' Motion to Compel

Defendants have moved to compel plaintiff to respond to interrogatories and requests for production of documents concerning: (1) all of the books plaintiff has ordered since being housed at Jackson Correctional Institution; (2) which books plaintiff received and which he did not; (3) the source of the books, including the seller and the person who ordered the

1

books for plaintiff; (4) any communications with the vendor of books; (5) which books arrived without a receipt; (6) which books plaintiff eventually received; (7) which books plaintiff ordered from Adam State University that were out of stock; and (8) whether plaintiff obtained any out of stock book from an alternative vendor. Plaintiff objected to many of these interrogatories and document requests on the ground that the requests were vague, overly burdensome, and expensive, and that defendants had the information in prison property records already.

      I agree with defendants that their discovery requests are relevant to the issues in this case and that plaintiff's responses are inadequate. To evaluate the constitutionality of defendants' policy, the court needs to know whether the policy has prevented plaintiff from obtaining books that he has ordered. It is relevant whether plaintiff has been able to receive books with or without receipts, and whether the reason plaintiff did not receive certain books was because he ordered them from a vendor that did not provide receipts even though he could have ordered them from a vendor that does provide receipts. In addition, defendants' requests encompass information that would not be kept in prison property records.

      Plaintiff now says that he has amended his discovery responses and has provided defendants all of the information that he has or remembers about books that he ordered that arrived without receipts. Because plaintiff says that he has answered defendants' discovery requests to the best of his ability, I will deny defendants' motion to compel. But plaintiff should know that he will be bound by his responses to defendants. This means that I will

not consider any evidence at summary judgment or trial that plaintiff has not provided to defendants previously and that would have been responsive to any of defendants' discovery requests.

### B. Plaintiff's Motion to Compel

Plaintiff has moved to compel defendants to provide responses to several discovery requests. I will deny most of plaintiff's motion. Specifically, I will deny plaintiff's motion with respect to the following requests:

- Plaintiff's first request for admissions regarding whether third shift unit staff at Jackson Correctional frequently play cards, do crossword puzzles or surf the internet. I agree with defendants that this request is irrelevant to the claims in this case, because whether unit security staff have down time is irrelevant to the workload of staff in the property unit.

- Plaintiff's first request for production of documents. Defendants respond that they have mailed responses to this request to plaintiff, so this request is moot.

- Plaintiff's third request for production of documents asking defendants to produce all statements made by defendants or others concerning this case. I agree with defendants that this request is vague and overly broad, and it is not clear what types of statements plaintiff is trying to obtain through this request. Because plaintiff has failed to clarify his request, I will not compel defendants to provide a response to it.

3

- Plaintiff's interrogatory #3 requesting the identity of all persons likely to have personal knowledge of the facts alleged in defendants' answer.  Plaintiff says that defendants should have included in their response the name and address of Amie Chadwick, a former employee of Follett bookstore.  However, plaintiff's request does not ask for contact information, and plaintiff is aware of Chadwick already.  Thus, there is no need to compel defendants to provide any additional information in response to this request.

- Plaintiff's interrogatory #4 asking defendants to explain whether they think that plaintiff failed to follow policies when attempting to acquire books. Defendants have provided citations to several documents explaining defendants' position regarding plaintiff's book orders.  Plaintiff disagrees with defendants' interpretation of policies and documents, but he has not shown that defendants failed to respond to his discovery request.

- Plaintiff's interrogatory #7 asking defendants to describe in detail the conversation that defendants' counsel had with plaintiff's mother.  I agree with defendants that counsel does not have to provide his work product to plaintiff, including counsel's conversations with potential witnesses.

This leaves plaintiff's request that defendants provide copies of incident reports where other prisoners received contraband via publications within the last seven years. Defendants object on the grounds that the request is overly broad, unduly burdensome and not proportional to the needs of the case. They explain that staff would have to manually search

4

all incident reports to find those that would be responsive to plaintiff's request. In addition, they argue that they do not have to prove that prisoners have received contraband to show that the property policies are justified. I agree with defendants that responding to plaintiff's request would be unduly burdensome. However, whether prisoners have received or attempted to receive contraband through books and other publications is relevant to the issues in this case. Therefore, I will modify plaintiff's request and will direct defendant Smetana, the property sergeant, to identify for plaintiff any specific instances that Smetana remembers, from the last seven years, in which prisoners attempted to obtain contraband through books or publications. Defendants must provide this information to plaintiff by the deadline set forth below.

### C. Plaintiff's Motion to Disqualify Counsel

Plaintiff has moved to disqualify Attorney Elliot Held from representing defendants on the ground that Held had a telephone conversation with a witness (plaintiff's mother) without anyone else present. Plaintiff argues that Held is now a potential witness whose testimony may be necessary at a future trial in this case.

I will deny this motion. There was nothing improper about Held asking questions of a potential witness to investigate plaintiff's claims, and Held did not become a potential witness simply by talking to plaintiff's mother. Because there is no reason to think that Held's testimony would be necessary at a trial in this case, there is no basis for disqualifying Held.

ORDER

IT IS ORDERED that

1. Defendants' motion to compel, dkt. #80, is DENIED as set forth above.

2. Plaintiff Adam Christopher's motion to compel, dkt. #97, is GRANTED IN PART and DENIED IN PART as set forth above. Defendants have until January 18, 2021 to provide to plaintiff a list of all incidents known to defendant Smetana in which prisoners attempted to obtain contraband through books or publications in the last seven years.

3. Plaintiff's motion to disqualify counsel, dkt. #91, is DENIED.

4. The new dispositive motions deadline is February 12, 2021.

Entered this 28th day of December, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge