IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM CHRISTOPHER,

                Plaintiff,

v.

JIM SCHWOCHERT, LIZZIE TEGELS,
PATRICK SMETANA, C.O. KNUDSON
AND KEVIN CARR,

                Defendants.

OPINION AND ORDER

18-cv-1073-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Adam Christopher is proceeding on a First Amendment claim challenging Department of Corrections policies that require books ordered by prisoners to arrive from a recognized commercial source and with a receipt. Plaintiff has filed several motions that are now before the court. I resolve the motions below, and I extend plaintiff's deadline to respond to defendants' summary judgment motion to April 30, 2021.

OPINION

A. Motion for Reconsideration

      Plaintiff has filed a motion for reconsideration of (1) the dismissal of his Fourteenth Amendment due process claim, and (2) the dismissal of his First Amendment damages claims. I will deny this motion. I have already explained multiple times why plaintiff cannot proceed on a due process claim based on defendants' alleged failure to comply with DOC procedures. Dkt. #18 at 6-7; Dkt. #34 at 12. I also explained that the doctrine of qualified

1

immunity barred plaintiff's claims for money damages because there was no clearly established law prohibiting defendants from refusing to deliver books under circumstances similar to those in this case. Dkt. #34 at 10. Plaintiff's motion for reconsideration raises no new arguments in support of his due process or damages claims that I have not considered and rejected already.

### B. Motion to Strike Defendants' Proposed Findings of Fact

Next, plaintiff argues that defendants' proposed findings of facts should be struck because defendants did not comply with this court's summary judgment procedures. In particular, this court's procedures state that "each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." Dkt. #35, "Procedures to be Followed on Motions for Summary Judgment, at 4. However, several of defendants' proposed findings of fact include multiple factual propositions.

I will grant this motion. Several of defendants' proposed findings of fact are compound, and plaintiff says that he is having difficulty responding to defendants' proposed findings of fact because of the manner in which they are formatted. Therefore, defendants must file a new set of proposed findings of fact that comply with this court's procedures by March 19, 2021.

### C. Plaintiffs' Motions to Compel

Plaintiff has moved to compel defendants to provide responses to several discovery requests. I will deny plaintiff's motions to compel with respect to the following requests:

- Plaintiff's interrogatories and request for admissions regarding whether defendant Tegels had any communications regarding the book policy at issue. Tegels responded originally that she had had no communications about the policy, but she later provided emails to plaintiff that included communications about the policy. She has since supplemented her interrogatory responses. Dkt. #114-1. Plaintiff argues that Tegels is still withholding information, but he has no evidence to support his assertion. Therefore, I will deny his request to compel additional information. I will also deny plaintiff's motion to sanction Tegels, because he has not shown that Tegels withheld information from him knowingly.

- Plaintiff's interrogatory request #8 to defendant Tegels, regarding when staff was told to use form DOC-243 when rejecting inmate books. Tegels responded to plaintiff that staff was told to use the form in August 2019. Tegels later supplemented her response, stating that Jodi Doughtery spoke to defendant Sergeant Smetana about using the DOC-243 form in August 2019. Dkt. #114-1. Plaintiff's motion to compel additional information is moot.

- Plaintiff's interrogatory #15 to defendant Kevin Carr, asking what exceptions apply to the book receipt policy. Carr responded that in his position as Secretary of the Department of Corrections, he has no personal knowledge of

3

potential exceptions to the policy. Plaintiff is dissatisfied with Carr's response, but he has presented no evidence that Carr is responsible for creating exceptions to the policy. The policy is applied at an institution level, so exceptions are likely handled by institution staff, and Carr should not be required to speculate about potential exceptions that staff might permit.

This leaves plaintiff's request that the court compel defendants to respond to the discovery requests that he sent to defendants after discovery closed on October 30, 2020. Dkt. #119-1 to 119-4. Defendants objected to plaintiff's requests as untimely. However, one of the reasons that plaintiff's requests were untimely is because defendants failed to provide complete responses to plaintiff's earlier discovery requests by their deadline for doing so. Dkt. #101 (granting plaintiff's motion to compel in part). In addition, plaintiff's ability to draft and send discovery requests has been complicated by his incarceration and quarantines related to Covid-19.

For these reasons, I will order defendants to respond to most of the discovery requests that plaintiff attached to dkt. #119. Plaintiff's questions about exceptions to the receipt requirement and the education director's authority to grant exceptions are particularly relevant to this case. Defendants must respond to these discovery requests by April 2, 2021. However, defendants do not need to respond to plaintiff's requests concerning the property form issued by the property sergeant for rejected books. Whether rejected books are destroyed or sent back is not at issue in this case.

Because I am granting plaintiff's motion to compel in part, I will extend plaintiff's

deadline to respond to defendants' motion for summary judgment to April 30, 2021. I do not intend to grant any additional extensions of plaintiff's deadline, nor do I intend to permit any additional discovery in this case.

### D. Request for Assistance in Recruiting Counsel

Finally, plaintiff has filed a motion requesting that the court recruit counsel to represented him in this case. He says that he needs counsel to help him conduct discovery because defendants have evaded many of his discovery requests.

A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, the pro se litigant must show that he has made reasonable efforts on his own to find a lawyer to represent him. Plaintiff has satisfied this requirement by identifying several lawyers who have declined to represent him in this case. Dkt. #103-4.

Third, plaintiff must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Pruitt, 503 F.3d at 654-55. "The question is not

5

whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide in each case whether the particular plaintiff should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests. McCaa v. Hamilton, 959 F.3d 842, 845 (7th Cir. 2020).

I am not persuaded that plaintiff needs the assistance of counsel to litigate this case. Although plaintiff's case raises a somewhat novel First Amendment question, plaintiff has shown that he is capable of advocating effectively for himself. He has filed several successful motions, including motions to compel and to alter or amend the judgment. His submissions show that he is intelligent, understands the law and is capable of explaining his version of events and making legal arguments. His submissions are significantly better than those submitted by many pro se litigants who appear in this court.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year nearly 400 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Few lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2018 and 2019, for example, the court was able to find approximately 18 volunteer lawyers to represent pro se litigants. In the past

6

year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Even for a simple case, it often takes months for the court to locate counsel willing to accept the case. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. Thus, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case. For all of these reasons, I will deny plaintiff's motion for assistance in recruiting counsel.

ORDER

IT IS ORDERED that

1. Plaintiff Adam Christopher's motion for reconsideration, dkt. #115, is DENIED.

2. Plaintiff's motion to strike defendants' proposed findings of fact, dkt. #123, is GRANTED. As set forth above, defendants must file amended proposed findings of fact by March 19, 2021.

2. Plaintiff's motion to compel additional responses from defendants Tegel and Carr, dkt. #102, is DENIED.

2. Plaintiff's motion to compel responses to late-filed discovery requests, dkt. #121, is GRANTED IN PART and DENIED IN PART as set forth above. Defendants have until April 2, 2021 to respond to plaintiff's discovery requests attached to dkt. 119, with the

exception of plaintiff's requests concerning the property form for rejected books.

    3. Plaintiff's motion for sanctions, dkt. #126, is DENIED.

    4. Plaintiff's deadline for responding to defendants' motion for summary judgment is April 30, 2021. The court does not intend to extend this deadline again.

Entered this 11th day of March, 2021.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge